# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

No. 23-1165

NATALE COSENZA,

*Plaintiff-Appellant*,

*v.*

CITY OF WORCESTER, MA,

*Defendant-Appellee*,

T.J. COAKLEY; MARK RICHARDSON; ALLAN BURNES; DANIEL BENEDICT; BRIAN DONOHUE; ROBERT TURGEON; DAVID GRADY; DARLENE ROCHEFORD; AS YET UNKNOWN WORCESTER POLICE OFFICERS; KERRY HAZELHURST; JOHN DOHERTY,

*Defendants.*

Appeal from the United States District Court
for the District of Massachusetts,
Case No. 4:18-10936-TSH

## RESPONSE OF PLAINTIFF-APPELLANT NATALE COSENZA IN OPPOSITION TO DEFENDANT-APPELLEE CITY OF WORCESTER'S MOTION TO STRIKE

Jon Loevy
Steve Art
Locke Bowman
Megan Pierce
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

**May 3, 2024**

Plaintiff-Appellant Natale Cosenza respectfully submits the following response in opposition to the City of Worcester's motion to strike portions of the joint record appendix, stating as follows:

1. The parties agree about the procedural posture of this appeal. As explained in Cosenza's opening brief, this case arrives in this Court after a grant of summary judgment to the City of Worcester and its police officers on certain claims, followed by a jury trial against Worcester police officers Hazelhurst and Doherty, a verdict and entry of final judgment against them, and the denial of their post-trial motions. Cosenza Br., App. Dkt. 00118109921, at 1-5.

2. When these appeals began, officers Hazelhurst and Doherty were the Defendants-Appellants in their appeal from entry of judgment on the jury's verdict (No. 21-1123), and Cosenza was the Plaintiff-Appellee in that appeal. *Id.* Cosenza was Plaintiff-Cross-Appellant in his cross-appeal from the earlier grant of summary judgment (No. 23-1165), and officers Hazelhurst and Doherty and the City of Worcester were the Defendants-Cross-Appellees. *Id.*

3. As Worcester acknowledges in its motion to strike, the parties all worked collectively to assemble a nine-volume record appendix for use in both appeals.

4. In December 2023, Cosenza, Hazelhurst, and Doherty settled their claims, appeal No. 21-1123 was voluntarily dismissed, and Hazelhurst and Doherty were dismissed as Defendants-Cross-Appellees in appeal No. 23-1165.

5. At no time between December 2023 and April 2024, when the City filed its motion to strike, did the City consult with Cosenza about the joint record appendix or about striking any part of that appendix.

6. In the meantime, Cosenza prepared his opening brief. Before filing, he consulted with the Clerk of this Court about whether he should cite to the joint record appendix already on file, and he was told that was permissible.

7. Accordingly, Cosenza's brief cites to the joint record appendix appropriately as the brief describes the procedural history of the case, the district court's decision at summary judgment, the facts at issue once the case proceeded to trial, the jury's findings at trial, and post-trial litigation. All that information is relevant to this Court's consideration of the case. For instance, if this Court reverses and remands, what happened at the trial against the officers will of course be centrally relevant to the resolution of the remaining claims against the City at the next trial. Moreover, to respond directly to the City's substantive concern set out in its motion, Cosenza does not argue for reversal of summary judgment based on any evidence except for that evidence that was part of the record at summary judgment, as his brief makes clear. See Cosenza Br. at 36-56.

8. There are at least six related reasons to deny the City's motion.

9. First, the Federal Rules of Appellate Procedure do not provide for a "motion to strike" parts of a brief or the record, and for that reason other courts of appeals have deemed motions like the City's here frivolous and entered sanctions. See *Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007) ("Motions to strike words, sentences, or sections out of briefs serve no purpose except to aggravate the opponent—and though that may have been the goal here, this goal is not one the judicial system will help any litigant achieve. Motions to strike disserve the interest of judicial economy. The aggravation comes at an unacceptable cost in judicial time."). Still others have emphasized that such motions are disfavored. *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981) ("The requests to

strike appellees' references to facts outside the record . . . are also denied. While appellants' motion is not frivolous in these respects, motions to strike, as a general rule, are disfavored. The points raised in the motion might have been presented, concisely, in the reply brief."). Federal Rule of Appellate Procedure 10 defines the record on appeal, and Federal Rule of Appellate Procedure 30 and Local Rule 30 describe the required appendix, its contents, and the procedures that a party like the City should follow if they disagree about materials included in the appendix. None of those procedures have been followed here.

10. Second, the City does not even articulate in its motion why the many different documents and pages in the large swaths of the record that the City identifies must be stricken. Instead, it makes a generalized argument and then identifies hundreds of the pages of the appendix that it says should be removed without examining any of those particular pages. This imprecision and lack of explanation is an additional reason to deny the motion.

11. Third, to the extent that the City contends that Cosenza has relied on inapplicable evidence in support of his argument for reversal, it can easily say so in its brief as part of its arguments. And then Cosenza can then explain in reply why the City is incorrect.

12. Fourth, the City is wrong that broad swaths of the joint record appendix are "irrelevant" to this appeal. Motion, App. Dkt. 00118136053, ¶ 12. There is a big difference between arguing that only part of the record can be considered for purposes of evaluating the district court's decision at summary judgment, on the one hand, and arguing that the rest of the record should be deemed irrelevant for all purposes, on the other. The City confuses these two arguments. This Court should consider the whole record in resolving this appeal.

13. Fifth, the City agreed to the joint record appendix, and it never raised any concern about that appendix in the many months before or in the two months after Cosenza filed his

opening brief. Then, in the week before its own response brief was due, after Cosenza's brief was on file, the City filed a motion to strike parts of the record, without consulting with Cosenza at all. This litigation behavior does not weigh in favor of granting a motion to strike. The City could easily have raised concerns it had in a timely fashion, it could have complied with the Rules, and it could have consulted with Cosenza. But it did not.

14. Sixth, granting the motion to strike now would require Cosenza to rewrite and resubmit his brief in an appeal that is already substantially delayed. The City provides no justification for imposing such a burden.

15. For these reasons, this Court should deny the motion.

RESPECTFULLY SUBMITTED,

**NATALE COSENZA**

/s/ Steve Art
*Counsel for Natale Cosenza*

Jon Loevy
Steve Art
Locke Bowman
Megan Pierce
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

**May 3, 2024**

**CERTIFICATE OF SERVICE**

I, Steven Art, hereby certify that I served the RESPONSE OF PLAINTIFF-APPELLANT NATALE COSENZA IN OPPOSITION TO DEFENDANT-APPELLEE CITY OF WORCESTER'S MOTION TO STRIKE on May 3, 2024, using the Court's CM/ECF system, which effected service on all counsel of record for the Defendant-Appellee.

                                                                 /s/ Steve Art
                                                             *Counsel for Natale Cosenza*

Jon Loevy
Steve Art
Locke Bowman
Megan Pierce
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
steve@loevy.com